NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JANNETT DRONE,<br><br>                  Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>                 Defendant. | Civil Action No. 17-9260 (SRC)<br><br>OPINION |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Jannett Drone ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning January 30, 2010. A hearing was held before ALJ Donna A. Krappa (the "ALJ") on February 17, 2016, and the ALJ issued an unfavorable decision on August 10, 2016, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of August 10, 2016, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform a reduced range of light work, with certain limitations. At step four, the ALJ also found that, based on the testimony of a vocational expert, Plaintiff is able to perform her past relevant work. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on a number of grounds, but this Court need only reach the argument that succeeds: at step three, the ALJ failed to properly evaluate the evidence which supported a determination that Plaintiff met the criteria for Listing 3.02A.

Plaintiff contends that, at least as to her SSI claim, she meets the criteria for Listing 3.02A, chronic respiratory disorders, and that the ALJ overlooked this. Listing 3.02A has only one requirement: "$FEV_1$ (see 3.00E) less than or equal to the value in Table I-A or I-B for your age, gender, and height without shoes (see 3.00E3a)." Plaintiff contends that the record contains reports of two spirometry tests with $FEV_1$ values that meet this requirement, meaning that they are less than the appropriate value in Table I-A. Crucially, the Commissioner does not dispute the basic facts about the spirometry tests, the $FEV_1$ values that were reported in the record, nor the appropriate value in the table.

Instead, the Commissioner contends that the error was harmless because Plaintiff's test results are insufficient under Listing section 3.00E, which is referenced in Listing 3.02A. The Commissioner contends that section 3.00E requires "that the reported $FEV_1$ should represent the largest of at least three satisfactory forced expiratory maneuvers." (Def.'s Opp. Br. 9.) The Commissioner also asserts: "The spirometry tests done in 2013 and 2016 do not contain at least

2

three satisfactory expiratory maneuvers (Tr. 524, 526)." (Id.)

The Court finds the Commissioner's argument unpersuasive, for several reasons. As Plaintiff points out, at step three, the ALJ failed to consider important evidence that Plaintiff meets listing 3.02A. This in itself is reversible error. Furthermore, the Commissioner does not dispute Plaintiff's contention that, when the ALJ reviewed the spirometry evidence at step four, the ALJ read the spirometry reports incorrectly and made major errors in interpreting them.

The Commissioner's contention that this major error is harmless is not persuasive. The Commissioner's argument that the error is harmless rests on a technical medical matter that appears to be entirely beyond the realm of lay comprehension. The Court has examined the cited spirometry tests in the record and has no idea about whether they do or do not contain three satisfactory expiratory maneuvers. Neither party has pointed to any clarifying medical opinion evidence. The Commissioner has, however, essentially conceded that the ALJ both misunderstood important evidence and failed to consider a relevant Listing that Plaintiff may well meet.

The Commissioner's argument that these errors are harmless has two problems. First, it rests on a determination that the ALJ never made, that the tests themselves are technically insufficient. More importantly, however, the Commissioner has failed to address the question presently before this Court, which is: is the Commissioner's determination that, at step three, Plaintiff does not meet the requirements of Listing 3.02A supported by substantial evidence? 42 U.S.C. § 405(g). The Commissioner has pointed to no evidence which supports this determination, merely attorney speculation on a challenging medical question.

In sum, Plaintiff has persuaded this Court that the ALJ erred at step three. The ALJ's

3

failure to consider the evidence of record that Plaintiff meets the criteria of Listing 3.02A resulted in a determination at step three that Plaintiff does not meet any impairments in the Listings. Plaintiff has pointed to evidence that the ALJ erred and argues that the error harmed her. In response, the Commissioner concedes the error and has failed to point to any evidence which supports the step three conclusion. The Court concludes that the determination at step three is not supported by substantial evidence.

For these reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence. The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                               s/ Stanley R. Chesler
                                               STANLEY R. CHESLER, U.S.D.J.

Dated: July 20, 2020